**Robert PETT, Plaintiff and Appellant,**

v.

**EQUITABLE INSURANCE COMPANY, Defendant and Respondent.**

No. 19459

Supreme Court of Utah.

Jan. 31, 1986.

Jon J. Bunderson, Brigham City, for plaintiff and appellant.

Anthony B. Quinn, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

This is an appeal from a summary judgment in favor of Equitable General Insurance Company ("Equitable"). Appellant Pett brought the action below to recover $10,800, which Equitable had received from the third party tort-feasor's insurer as reimbursement for personal injury protection benefits previously paid to appellant. We affirm.

Appellant was injured in an automobile collision with another vehicle, owned by American-Strevell, Inc. Appellant's insurer, Equitable, paid appellant $11,800 in personal injury protection (PIP) benefits under

a no-fault policy. Appellant then filed a complaint against the tort-feasor, American-Strevell, seeking special and general damages. Equitable put American-Strevell's insurer, Royal Globe Insurance Company ("Royal Globe") on notice of Equitable's claim for reimbursement of PIP benefits.

On the day set for trial, American-Strevell and Royal Globe offered to settle the case for $175,000. Attorneys for appellant and American-Strevell and Royal Globe prepared a release agreement with the following provision:

> The undersigned hereby acknowledges receipt of the sum of $175,000.00 less $_____ paid directly to Equitable Insurance Company in satisfaction of its no-fault payments claim.

The uncontroverted affidavit of counsel for American-Strevell, which was before the trial court on summary judgment, states that the blank space in the release agreement was provided at the request of appellant's attorney who wished to negotiate the figure payable to Equitable. The amount was later established at $10,800 (a reduction of $1,000 from the amount actually paid by Equitable), and that figure was inserted in the release which was then signed by appellant. Royal Globe issued two checks and appellant received $164,200.

Appellant advances two theories for recovery of the amount paid to Equitable: (1) the release was in effect an assignment of his settlement proceeds, and therefore void because such proceeds are exempt from execution and therefore not assignable, and (2) under *Allstate v. Ivie*, Utah, 606 P.2d 1197, 1202–03 (1980), Equitable could not take any part of the amount recovered by its insured, but could only obtain reimbursement from the liability insurer through arbitration. Both theories are patently erroneous. The plain meaning of the language of the settlement agreement, which we construe as a matter of law, is that the amount of appellant's recovery was $164,200, not $175,000. The agreement clearly shows that he never acquired any interest in the amount specified

for reimbursement to Equitable. Therefore, the trial court correctly concluded that appellant had failed to state a cause of action and properly granted summary judgment.

Affirmed. Costs to respondent.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.